1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

11
12
13

GIB DONALD MARSH aka
OMAR EL-SHAHID EL HAWARY,
CDCR #G-25328,

Plaintiff,

14
15
16
17
18

vs.

19
20
21

JOHN DOE, et al.,

22
23
24
25

Defendants.

Civil No.    09-2491 JAH (CAB)

**ORDER:**

**(1)  GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS,* IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING BALANCE FROM PRISONER'S TRUST ACCOUNT PURSUANT TO 28 U.S.C. § 1915(a) [Doc. No. 2];**

**(2)  DENYING MOTION FOR APPOINTMENT OF COUNSEL PURSUANT TO 28 U.S.C. § 1915(e)(1) [Doc. No. 3]**

**(3) GRANTING MOTION TO AMEND/CORRECT [Doc. No. 6]; and**

**(4)   SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO  28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

26

Gib Donald Marsh, also known as Omar El Shahid El Hawary ("Plaintiff"), a state

27

prisoner currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San

28

Diego, California, and proceeding in pro se, has filed a civil rights Complaint pursuant to 42

1  U.S.C. § 1983.

2      Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead he

3  has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc.

4  No. 2], as well as a Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1)

5  [Doc. No. 3], and several miscellaneous motions [Doc. Nos. 4, 5, 6].

6                                      **I.**

7                          **MOTION TO PROCEED IFP**

8      All parties instituting any civil action, suit or proceeding in a district court of the United

9  States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28

10 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee

11 only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See*

12 *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, prisoners granted leave to

13 proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their

14 action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d

15 844, 847 (9th Cir. 2002).

16     Section 1915, as amended by the Prison Litigation Reform Act ("PLRA"), further

17 requires that each prisoner seeking leave to proceed IFP submit a "certified copy of [his] trust

18 fund account statement (or institutional equivalent) ... for the six-month period immediately

19 preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2).  Using these certified trust

20 account statements, the Court must assess an initial payment of 20% of (a) the average monthly

21 deposit, or (b) the average monthly balance in the account for the past six months, whichever is

22 greater, and collect that amount as the prisoner's initial partial filing fee, unless he has no current

23 assets with which to pay. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4); *Taylor*, 281 F.3d

24 at 850.  Thereafter, the institution having custody of the prisoner must collect subsequent

25 payments, assessed at 20% of the preceding month's income, in any month in which his account

26 exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28

27 U.S.C. § 1915(b)(2); *Taylor*, 281 F.3d at 847.

28     The Court finds that Plaintiff has submitted an affidavit that complies with 28 U.S.C.

§ 1915(a)(1) [Doc. No. 2] as well as a certified copy of his prison trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and Civil Local Rule 3.2.   Plaintiff's trust account currently indicates that he has insufficient funds from which to pay an initial partial filing fee.

Accordingly, the Court hereby **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2], and assesses no initial partial filing fee at this time.  *See* 28 U.S.C. § 1915(b)(1) (court shall assess initial partial filing fee only "when funds exist"); 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").  However, Plaintiff is required to pay the full $350 filing fee mandated by 28 U.S.C. §§ 1914(a) and 1915(b)(1), by subjecting any future funds credited to his prison trust account to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(2).

## II.

### MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has also submitted a Motion for Appointment of Counsel [Doc. No. 3].  "[T]here is no absolute right to counsel in civil proceedings."  *Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted).  Thus, federal courts do not have the authority "to make coercive appointments of counsel."  *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

However, districts courts have discretion to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances pursuant to 28 U.S.C. § 1915(e)(1).  *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989).  "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.'  Neither of these issues is dispositive and both must be viewed together before reaching a decision.'"  *Id.* (quoting *Wilborn v.*

1  *Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

2       Here, the Court finds that Plaintiff does appear to have an adequate grasp of his case as

3  well as the legal issues involved.  *See Terrell*, 935 F.2d at 1017.  Thus, because Plaintiff has not

4  satisfied the stringent standards required for an appointment of counsel under 28 U.S.C.

5  § 1915(e)(1), Plaintiff's Motion for Appointment of Counsel must be DENIED.

6                                    **III.**

7                                   **VENUE**

8       An initial review of this action reveals that a number of the claims and Defendants should

9  be dismissed for lack of proper venue.  Venue may be raised by a court sua sponte where the

10  defendant has not yet filed a responsive pleading and the time for doing so has not run.  *Costlow*

11  *v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).  "A civil action wherein jurisdiction is not

12  founded solely on diversity of citizenship may, except as otherwise provided by law, be brought

13  only in (1) a judicial district where any defendant resides, if all defendants reside in the same

14  State, (2) a judicial district in which a substantial part of the events or omissions giving rise to

15  the claim occurred, or a substantial part of property that is the subject of the action is situated,

16  or (3) a judicial district in which any defendant may be found, if there is no district in which the

17  action may otherwise be brought."  28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker*

18  *Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986).  "The district court

19  of a district in which is filed a case laying venue in the wrong division or district shall dismiss,

20  or if it be in the interests of justice, transfer such case to any district in or division in which it

21  could have been brought."  28 U.S.C. § 1406(a).

22       Plaintiff names a number of Defendants who reside at California State Prison located in

23  Lancaster, California.  This prison is within the jurisdictional confines of the Central District of

24  California, Western  Division.  *See* 28 U.S.C. § 84(c)(2) ("The Central District [of California]

25  comprises 3 divisions.... (2) The Western Division comprises the counties of Los Angeles, San

26  Luis Obispo, Santa Barbara and Ventura.").   If he wishes to pursue an action against these

27  Defendants based on claims that they violated his constitutional rights when he was housed in

28  Lancaster, he should file a separate action in the Central District of California, Western Division,

1   pursuant to 28 U.S.C. § 84(c)(2).  *See* 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488.

2                                         **IV.**

3              **SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

4           The PLRA also obligates the Court to review complaints filed by all persons proceeding

5   IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused

6   of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or

7   conditions of parole, probation, pretrial release, or diversionary program," "as soon as

8   practicable after docketing."  *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).   Under these

9   provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof,

10  which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who

11  are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-

12  27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000)

13  (§ 1915A); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing

14  § 1915A).

15          "[W]hen determining whether a complaint states a claim, a court must accept as true all

16  allegations of material fact and must construe those facts in the light most favorable to the

17  plaintiff."  *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)

18  "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  In addition, the Court's

19  duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*,

20  839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases."  *Ferdik v.*

21  *Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).   However, in giving liberal interpretation to a

22  pro se civil rights complaint, the court may not "supply essential elements of claims that were

23  not initially pled."  *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th

24  Cir. 1982).  "Vague and conclusory allegations of official participation in civil rights violations

25  are not sufficient to withstand a motion to dismiss."  *Id.*

26  / / /

27  / / /

28  / / /

**A.    Eighth Amendment Failure to Protect Claims**

In his Complaint, Plaintiff alleges that he attempted to notify prison officials at Centinela State Prison that he needed to be housed in protective custody due to his past status as a "white supremacist." (*See* Compl. at 17-18.)  While Plaintiff was out of prison, he became a Muslim which he claims would place in him danger with "white inmates." (*Id.*)  Plaintiff further claims that Defendants refused to categorize him as an "other" which would have helped to protect him. (*Id.*)  On December 20, 2008 Plaintiff was "released to the main yard" where he was approached by an inmate threatening him.  Plaintiff sought help from the Facility "A" Muslim Chaplin, Defendant Hajj Haneef Salaam. (*Id.* at 21.)  Plaintiff claims that Defendant Salaam "tried to resolve the situation" by speaking to the "Inmate Imams of the Muslims" and the leaders of the "Skinheads." (*Id.*)  He further alleges that Defendant Salaam "even went so far as to enquire as to having the Plaintiff referred back to the classification committee." (*Id.*)  On December 26, 2008, Plaintiff was attacked by "several skinheads due to Plaintiff's race of white and being a Muslim." (*Id.*)  Plaintiff suffered serious injuries as a result of this attack. (*Id.* at 23.)

While Plaintiff has alleged some serious allegations, his Complaint is subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2) because it fails to adequately state an Eighth Amendment claim. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The Eighth Amendment's prohibition against cruel and unusual punishment requires that prison officials act reasonably in protecting inmates from violence suffered at the hands of other prisoners. *Farmer*, 511 U.S. at 833;  *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). However, to state a failure to protect claim, Plaintiff must allege facts sufficient to show that Defendants were "deliberately indifferent," that they were aware of, but nevertheless consciously disregarded an excessive risk to his health or safety. *Farmer*, 511 U.S. at 834.   If the official is not alleged to have actual knowledge of a serious risk of harm, but is alleged to be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, the plaintiff must further allege that the official "also dr[ew] the inference." *Id.* at 837; *Wilson v. Seiter*, 501 U.S. 294, 303 (1991).

/ / /

Here, while Plaintiff identifies a serious risk to this safety, he fails to adequately allege with any specificity how the *individual* Defendants would have known that there was a serious risk of harm.  The only Defendant Plaintiff alleges by name is the Muslim Chaplain Salaam who he claims tried to help him but failed.  (*See* Compl. at 21.)  These allegations do not show that Defendant Salaam "consciously disregarded an excessive risk to his health or safety." *Farmer*, 511 U.S. at 834.

Accordingly, as currently plead, Plaintiff has failed to show that any Defendant acted with conscious disregard to a risk to his safety.  *See Farmer*, 511 U.S. at 837; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (to establish a deprivation of a constitutional right by any particular individual, the plaintiff must allege that the individual, in acting or failing to act, was the actual and proximate cause of his injury).    Thus, Plaintiff's Eighth Amendment failure to protect claims are dismissed for failing to state a claim upon which relief can be granted.

## V.

### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1.    Plaintiff's Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1) [Doc. No. 3] is **DENIED**.

2.    Plaintiff's "Motion for Leave to Amend Complaint Due to Erroneous Filing of Plaintiff's Name" [Doc. No. 6] is **GRANTED**.  The Clerk of Court is directed to correct the docket to reflect the spelling of Plaintiff's name as set forth in this motion.

3.    Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**.

4.    The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER

1   ASSIGNED TO THIS ACTION.

2        5.    The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate,

3   Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502,

4   Sacramento, California 95814.

5        **IT IS FURTHER ORDERED** that:

6        6.    Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C.

7   §§ 1915(e)(2)(b) and 1915A(b).  However, Plaintiff is **GRANTED** forty five (45) days leave

8   from the date this Order is filed in which to file a First Amended Complaint which cures all the

9   deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be complete in itself

10  without reference to the superseded pleading.  *See* S.D. CAL. CIVLR 15.1.  Defendants not

11  named and all claims not re-alleged in the Amended Complaint will be considered waived.  *See*

12  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Further, if Plaintiff's Amended Complaint

13  fails to state a claim upon which relief may be granted, it may be dismissed without further

14  leave to amend  and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g).  *See*

15  *McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

16       7.    Plaintiff's "Motion to Allow Subservice" and "Motion to Allow Litigation" [Doc.

17  Nos. 4, 5] are **DENIED** as moot.

18

19  DATED:  December 29, 2009

20

21                                         JOHN A. HOUSTON
                                           United States District Judge
22

23

24

25

26

27

28