1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11
12

GIB DONALD MARSH aka OMAR EL-
SHAHID EL HAWARY, CDCR #G-25328,

13

Plaintiff,

14

v.

15
16

JOHN DOE, et al.,

17
18

Defendants.

19

Civil No.    09cv2491-JAH (CAB)

**ORDER  DIRECTING CLERK TO ISSUE
SUMMONS AND U.S. MARSHAL TO
EFFECT SERVICE OF SECOND
AMENDED COMPLAINT UPON
DEFENDANTS JOHN DOE, WARDEN,
CENTINELA STATE PRISON; JANE
DOE, CORRECTIONAL OFFICER,
CENTINELA STATE PRISON; AND JOHN
DOE, CORRECTIONAL SERGEANT,
CENTINELA STATE PRISON
28 U.S.C. § 1915(d) AND FED.R.CIV.P.
4(c)(3)**

**[Doc. No. 21]**

20
21
22
23
24
25
26
27
28

Plaintiff Gib Donald Marsh, also known as Omar El-Shahid El Hawary ("Plaintiff"), a state

prisoner currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego,

California, and proceeding *pro se* and *in forma pauperis*, has filed a civil rights Complaint pursuant to

42 U.S.C. § 1983.  On November 4, 2009, Plaintiff filed his Complaint and a Motion for Leave to

Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  [Doc. Nos. 1 & 2.]  Then, on

December 10, 2009, Plaintiff filed a Motion to Amend the Complaint.  [Doc. No. 6.]  The Court granted

Plaintiff's Motion to Proceed IFP and Motion to Amend on December 30, 2009.  [Doc. No. 7.]

Accordingly, Plaintiff filed a First Amended Complaint on February 10, 2010.  [Doc. No. 10.]  On

1    March 16, 2010, the Court dismissed certain defendants, found that Plaintiff's First Amended Complaint

2    survived the mandatory screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A, and directed the

3    United States Marshal to effect service of the First Amended Complaint upon Plaintiff's behalf on the

4    remaining Defendants.  [Doc. No. 12.]  Thus, a summons was issued on the First Amended Complaint as

5    to Defendants Carranza, J. Valdez, Hajj Haneef Salaam, Castillo, and G. Martinez.  [Doc. No. 13.]

6          Plaintiff, however, filed a Motion to Amend the First Amended Complaint on April 29, 2010,

7    which the Court granted on May 17, 2010.  [Doc. Nos. 14 & 15.]  Plaintiff then filed his Second

8    Amended Complaint on June 2, 2010.  [Doc. No. 21.]  At this time, Defendants Carranza, J. Valdez,

9    Hajj Haneef Salaam, Castillo, and G. Martinez have filed Waivers of Service of Summons.[1]  Plaintiff

10   has not had an opportunity to serve Defendants John Doe, Warden, Centinela State Prison; Jane Doe,

11   Correctional Officer, Centinela State Prison; and John Doe, Correctional Sergeant, Centinela State

12   Prison who now are named more specifically in the Second Amended Complaint.

13          Accordingly, **IT IS HEREBY ORDERED** that:

14   1.       The Clerk of Court is DIRECTED to reinstate John Doe, Warden, Centinela State Prison

15   as a Defendant in this matter.

16   2.       The Clerk shall thereafter issue a summons on the Second Amended Complaint upon

17   Defendants John Doe, Warden, Centinela State Prison, Jane Doe, Correctional Officer, Centinela State

18   Prison and John Doe, Correctional Sergeant, Centinela State Prison and forward it to Plaintiff along with

19   a blank U.S. Marshal Form 285 for each of these Defendants.  In addition, the Clerk shall provide

20   Plaintiff with a certified copy of this Order, the December 30, 2009 Order granting Plaintiff leave to

21   proceed IFP [Doc. No. 7], and copies of his Second Amended Complaint and its accompanying

22   summons for purposes of serving these three additional Defendants.  Upon receipt of this "IFP

23   Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and

24   to return them to the United States Marshal according to the instructions provided by the Clerk in the

25

26

27

28   [1]  Plaintiff also served a copy of his Second Amended Complaint by mail upon these Defendants'
     counsel of record on May 28, 2010.  [Doc. No. 21 at p. 66.]

1   letter accompanying his IFP package.[2]  Thereafter, the U.S. Marshal shall serve a copy of the Second

2   Amended Complaint and summons upon each of these additional Defendants as directed by Plaintiff on

3   each Form 285.  All costs of service shall be advanced by the United States.  *See* 28 U.S.C. § 1915(d);

4   FED.R.CIV.P. 4(c)(3).

5           3.       Defendants are thereafter **ORDERED** to reply to the Second Amended Complaint within

6   the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).  *See* 42 U.S.C.

7   § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any

8   action brought by a prisoner confined in any jail, prison, or other correctional facility under section

9   1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and §

10  1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that

11  Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

12          4.       Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon

13  Defendants' counsel, a copy of every further pleading or other document submitted for consideration of

14  the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of the Court a

15  certificate stating the manner in which a true and correct copy of any document was served on

16  Defendants, or counsel for Defendants, and the date of service.  Any paper received by the Court which

17  has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

18

19  DATED:  June 11, 2010

20

21                                          **CATHY ANN BENCIVENGO**
                                            United States Magistrate Judge

22

23

24

25

26

27  [2]  Plaintiff is advised that the United States Marshal cannot effect service under Rule 4 upon a post
    office box address.  Therefore, if Defendants, all correctional officials, are believed to be employed at a
28  particular prison, Plaintiff's USM Form 285 should list the *street* address, not the post office box, of the
    institution where he believes each defendant may be found and subject to service.